Allen v. Harper.

JOHN A. ALLEN AND WIFE V. HARDY J. HARPER AND ANOTHER.

In a suit by the husband and wife to compel the District Surveyor to record the survey of a pre-emption claim in the name of the wife, the defendant answered that the claim conflicted with another survey, but on the trial when plaintiffs offered the evidence 'of the wife's pre-emption claim, defendant objected that a pre-emption claim could not be sworn out by a married woman, and the objection being sustained, defendant had judgment ; on appeal, the Court said the mode of proceeding was calculated to take plaintiffs by surprise ; that under special circumstances, the wife certainly could assert a pre-emption claim, which would be community property : but that it would be inconvenient in practice, and productive of confusion to allow it as a general rule ; and the Court reversed the judgment and remanded the case, with orders to allow the plaintiffs to amend their claim by substituting the name of the husband for that of the wife, wherever it occurred, with the same effect as if the claim and survey had been made by the husband in his own name. There was an opposing claimant, who was also a defendant.

Error from Hopkins. Tried below before the Hon. William S. Todd.

The facts are stated in the Opinion.

*W. H. Johnson*, for plaintiffs in error.

HEMPHILL, CH. J.   This is an application to compel John L. Harrison, District Surveyor, to record the field notes of a pre-emption claim.   Caroline Allen, a married woman, took the oath required of a pre-emptionist, and caused the land to be duly surveyed in her name by a Deputy Surveyor, and the field notes to be properly made out, signed and certified as the law directs.   There was another claimant, and the District Surveyor refused to record the field notes on the application of Caroline Allen.   She and her husband joined in this suit.   The other claimant, Hardy J. Harper, and the District Surveyor, are the defendants.   The first set up his claim to the land ; the latter objected that the field notes conflicted with another survey, as an excuse for not recording.   At the trial, when the plaintiffs offered to prove the loss of the affidavit, and also to prove the field notes, the defendant Harper objected because the affidavit was made by a married woman, and because the field notes appeared to be made for and in the name of a married woman.   The objection was sustained and the evidence rejected.

This was the first time that this objection appears in the controversy.   The contest was between respective rights of pre-emptionists, as to which first settled upon the land, and not whether a married woman could claim the privileges and benefits of pre-emption.   The objection was well calculated to operate a surprise upon the plaintiffs.   But such objection should not be allowed to entirely defeat the rights of a meritorious pre-emptionist.   Land acquired by a husband through the grant of pre-emption, would, it is conceived, under the laws of this State, be classed as a portion of the community property ; and, in fact or law, it can make no difference whether the grant be taken in the name of the wife or in that of the husband.   Let it be taken as it may, it will have all the rights and incidents pertaining to the common property, and not those peculiar to the separate property of the respective partners in matrimony.   A husband may be absent beyond

the time required to make the affidavit, or he may desire the grant to issue in the name of his wife, or may so decline or neglect to act, that the right would be lost without an effort on the part ot the wife. It would be a measure of extreme rigor to exclude her from even an attempt to secure property of which she is entitled to the one-half, and which may perhaps be the only land upon which the family has to rely for a support. The husband makes no objection in this case on the ground that the survey is not in his name ; on the contrary, he joins with his wife in this suit to compel a record of the survey.

With these views, and under the facts, we cannot hold the affidavit or the survey void. But as it would be an inconvenient practice, and would produce confusion to allow as a general rule, married women to have surveys and patents in their own names, the Court is required to authorize an amendment in the field notes of the survey, so as to substitute the name of John A. Allen, the husband, for and in the place of the name of Caroline Allen, wherever the same may occur, and allow the suit to proceed in all respects as if the field notes had been originally made out in the name of John A. Allen, the husband.

The judgment is reversed and cause remanded for a new trial.

Reversed and remanded.